IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lorenzo Deshon Stephens, | ) Civil Action No. 0:16-cv-149-BHH |
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States of America, | ) |
| Defendant. | ) |

Plaintiff Lorenzo Deshon Stephens ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on December 9, 2016. (ECF No. 70.) In her Report, the Magistrate Judge recommends that Defendant's motion to dismiss (ECF No. 45) be granted as to Plaintiff's claims for breach of duty of confidentiality and wrongful disclosure, but denied as to Plaintiff's claim for negligence under the FTCA. Objections to the Report were due by January 3, 2017. Neither Defendant nor Plaintiff has filed any Objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit

the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction, however, does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court adopts the Report in large part, but modifies it as follows.[1] The Court agrees with the Magistrate Judge's conclusions that: (1) Defendant did not establish that Plaintiff's FTCA claims are preempted by the Privacy Act of 1974 (*see* ECF No. 70 at 4-6); (2) Plaintiff's breach of duty of confidentiality claim fails because the underlying South Carolina tort is recognized only against physicians and Plaintiff has not alleged facts showing that the person who erroneously released his medical records is a physician (*see id.* at 6-7); (3) Plaintiff's "wrongful disclosure" claim fails because, to the Court's knowledge, there is no South Carolina tort for wrongful disclosure and Plaintiff has not cited any

---

[1] As always, the Court says only what is necessary to address this matter against the already meaningful backdrop of a thorough Report of the Magistrate Judge. Comprehensive recitation of law and fact exists there.

authority that establishes the existence of such a cause of action (*see id.* at 10 n.6); and (4) the standards in the Privacy Act could arguably be relevant to determining whether a prison health department administrator owes a duty of care to inmates in the maintenance and release of their medical records (*see id.* at 8-10).

Nevertheless, the Court disagrees with the Report on the point that Plaintiff has adequately pled a negligence claim. To establish a cause of action for negligence in South Carolina, Plaintiff must prove: (1) a duty of care owed by Defendant to Plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty. *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78, 82-83 (S.C. 1998) (citing *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292 (1996)). Even accepting all of Plaintiff's factual allegations in the amended complaint as true, as the Court must when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (*see Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), the Court finds that Plaintiff has not sufficiently pled damages that rise above speculation and conclusory assertions of mental distress and embarrassment.

In his amended complaint, Plaintiff asserts that the accidental disclosure of thirteen pages of his medical record revealing an "abnormal image on Plaintiff's lung(s)" has caused him to suffer:

> (a). Mental and Emotional distress; (b). Harm simply from knowing that intimate details of his body's condition have been frivolously disclosed to an uninvited viewer; (c). Humiliation, (d). Deprivation of his expectation of secrecy of his private patient records to those not privileged to that information, (e). Extreme embarrasment, fear and harassment all to Plaintiff's damage;

(ECF No. 60 at 10) (copied verbatim, including grammatical and spelling errors). Assuming the negligent disclosure of a small portion of Plaintiff's medical record constitutes an

3

actionable FTCA claim, and assuming that the government, through the Privacy Act and its attendant regulations, has adopted duties analogous to local tort law duties (*see Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1157-58 (D.C. Cir. 1985)),[2] Plaintiff must still plausibly show that he has suffered actual damages from the disclosure in order to survive a Rule 12(b)(6) motion. The face of Plaintiff's amended complaint fails to do so, and it is dismissed accordingly.

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] "If the pertinent regulations are found to have imposed a duty analogous to a local tort law duty, the regulations may also provide the standard of care against which the government's conduct should be assessed. Moreover, depending on the jurisdiction and the law violated, the latter inquiry may result in the conclusion that violation of the relevant law constituted negligence per se." *Art Metal-U.S.A.*, 753 F.2d at 1157-58 (internal footnote and citations omitted).

The Court finds that Plaintiff has alleged, but not "shown," that he has suffered actual damages that entitle him to relief for the negligent disclosure in question. If embarrassment or subjective humiliation alone were sufficient to sustain a negligence action stemming from administrative copying and filing errors such as that which occurred here, a moral hazard would result in the prison litigation system. Namely, every time an administrator accidentally placed a confidential paper in the wrong file, and that paper was seen by an unentitled viewer, however inadvertently, the prisoner could claim *unmeasurable and unverifiable* emotional damages and recover monetary relief. Such a rule would incentivize frivolous lawsuits seeking monetary relief where no real damages existed. Of course, the Court is not saying that emotional distress is somehow excluded from the panoply of potential damages that a tort plaintiff may suffer, including tort plaintiffs who are prisoners. However, South Carolina tort law is carefully crafted to ensure that a plaintiff cannot recover for embarrassment, humiliation, or other similar forms of emotional distress alone in the absence of intentional or recklessly indifferent conduct by a defendant.

Plaintiff has not pled the tort of intentional infliction of emotional distress in the instant case; however, a brief glance at the elements for that tort is instructive regarding the type of emotional distress for which South Carolina law permits recovery. In South Carolina, in order to recover damages for the tort of intentional infliction of emotional distress a plaintiff must establish: (1) the defendant intentionally or recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the defendant's actions caused the plaintiff's emotional distress;

and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable man could be expected to endure it. *Doe v. North Greenville Hosp.*, 458 S.E.2d 439, 465 (S.C. Ct. App. 1995) (citing *Ford v. Hutson*, 276 S.E.2d 776 (S.C. 1981)). What is immediately apparent from these elements is that intentional or recklessly indifferent conduct is the touchstone for recovery for emotional damages, and only where both the conduct and the emotional injury is *extreme*.

South Carolina law does permit recovery for negligent infliction of emotional distress, but only in the very limited context of situations involving bystander trauma, specifically:

> (a) the negligence of the defendant must cause death or serious physical injury to another;
> (b) the plaintiff bystander must be in close proximity to the accident;
> (c) the plaintiff and the victim must be closely related;
> (d) the plaintiff must contemporaneously perceive the accident; and
> (e) the emotional distress must both manifest itself by physical symptoms capable of objective diagnosis and be established by expert testimony.

*Kinard v. August Sash & Door Co.*, 336 S.E.2d 465, 467 (S.C. 1985). Again, Plaintiff has not pled the tort of negligent infliction of emotional distress, but the manner in which the South Carolina Supreme Court crafted the elements of that cause of action is indicative of an obvious effort to limit recovery for emotional injuries. In other words, where a South Carolina plaintiff seeks damages for emotional distress resulting from *negligent* conduct, that conduct must have resulted in serious injury or death, and the emotional distress must be objectively verifiable.

With regard to damages in negligence actions generally, the South Carolina Supreme Court has stated:

> [U]nder South Carolina law, the damages element requires a plaintiff to establish physical injury or property damage. Damages for emotional or mental suffering are typically not recoverable, unless there is some physical manifestation of the emotional distress. *See Dooley v. Richland Memorial*

> *Hosp.,* 322 S.E.2d 669 (S.C. 1984) (declining to recognize a negligent infliction of emotional distress cause of action and holding that damages for emotional distress are generally not recoverable in a negligence action absent some physical manifestation).

*Babb v. Lee Cty. Landfill SC, LLC*, 747 S.E.2d 468, 481 (2013). In the instant case, Plaintiff has not plausibly shown that he suffered any damages recoverable under a South Carolina negligence claim. Certainly, Plaintiff has not alleged any physical injury or property damage, or the threat thereof. The closest Plaintiff comes to pleading any actual effect of the negligent disclosure is in paragraph eighteen of his Amended Complaint, which states:

> Plaintiff is informed and believes, and alleges upon information and belief that after reading the information contained in Plaintiff's private patient records Mr. Shannon Johnson then subsequently discussed not only their previous meeting [to discuss the negligent disclosure], but also the cause of that meeting, the health information contained inside Plaintiff [sic] records and his assumed cause of Plaintiff's lung condition with other inmates as well as staff member(s).

(ECF No. 60 at 6.) But even this effect, assumed to be true, says nothing about damages to Plaintiff. In the end, Plaintiff's allegations of mental and emotional distress, humiliation, extreme embarrassment, and fear are legally insufficient to support the damages element of a general negligence claim in light of the Rule 8 pleading standard. Plaintiff's allegation of "harassment" (ECF No. 60 at 10), in the prison context, might conceivably have been tied to actual damages from the negligent disclosure. But the substance of Plaintiff's Amended Complaint and the documents he has submitted as exhibits show this allegation to be merely speculative, conclusory, and wholly uncorroborated. Plaintiff failed to plead any specific instance in which he was harassed, or otherwise subjected to threats or fear for his safety. In other words, while prison gossip *might* lead to actual damages, the gossip itself does not constitute damages. *See Gamble v. Dept. of Army*, 567 F. Supp. 2d 150, 156 (D.D.C. 2008) (stating, in the context of a Privacy Act claim, "while gossip may cause an

adverse effect, it does not constitute actual damages").[3]

Accordingly, the Court **ADOPTS** and incorporates the Report (ECF No. 70) to the degree not inconsistent with the Court's analysis above. To the degree the Report is inconsistent with the Court's analysis of Plaintiff's negligence claim, it is hereby **MODIFIED** accordingly. It is therefore

**ORDERED** that Defendant's motion to dismiss (ECF No. 45) is GRANTED as to all of Plaintiff's claims, and the action is dismissed.  It is further

**ORDERED** that Defendant's motion to conduct settlement negotiations (ECF No. 72) is DENIED as moot, and Plaintiff's motion to appoint counsel (ECF No. 73) is DENIED as moot.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

January 19, 2017
Greenville, South Carolina

*****

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] In his response to the motion for summary judgment, Plaintiff indicated that he intentionally did not bring a Privacy Act claim, and elected to proceed under the FTCA, because he was aware that a Privacy Act claim would require proof that the disclosure in question was willful or intentional. (ECF No. 51 at 6.) The Court is not confused by Plaintiff's pleading scheme. Nonetheless, it is helpful to note that even in the context of *willful* or *intentional* unlawful disclosure of sensitive records, speculative claims of emotional distress resulting from others gossiping about the disclosure are not enough to substantiate actual damages. *See Gamble*, 567 F. Supp. 2d at 156; 5 U.S.C. § 552a(g)(1)(D) (requiring an "adverse effect" on the individual as a predicate to an actionable civil claim for unlawful disclosure under the Privacy Act).