IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lorenzo Deshon Stephens, | ) Civil Action No. 0:16-cv-149-BHH |
| Plaintiff, | ) ) ) |
| vs. | ) |
| United States of America, | ) **ORDER AND OPINION** ) ) |
| Defendant. | ) ) |
| _____ | ) |

Plaintiff Lorenzo Deshon Stephens ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"). (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by the Magistrate Judge on January 30, 2018. (ECF No. 108.) In her Report, the Magistrate Judge recommends that Defendant's motion to dismiss (ECF No. 93) be granted.[1] Objections to the Report were due by February 13, 2018. Neither Defendant nor Plaintiff has filed any Objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

---

[1] Correspondingly, the Report also recommends that Plaintiff's motion for production of documents (ECF No. 101) be denied as moot.

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction, however, does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court agrees with the Report and the recommendations contained therein. The Report evinces no clear error and the Court hereby adopts it. It is therefore

**ORDERED** that Defendant's motion to dismiss (ECF No. 93) is GRANTED as to all of Plaintiff's claims, Plaintiff's motion for production of documents (ECF No. 101) is DENIED as moot, and the action is dismissed with prejudice.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

February 27, 2018
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.